**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:23-CR-058** |
| Plaintiff, | |
| v. | **JUDGE SARAH D. MORRISON** |
| **BENJAMIN DARRELL RUCKEL** | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States, by and through undersigned counsel, hereby submits the following sentencing memorandum to aid the Court in its consideration of sentencing issues in this case.

## BACKGROUND

On March 7, 2023, the United States filed a Bill of Information charging the defendant, Benjamin Ruckel, with one count of Damage to Religious Property, in violation of 18 U.S.C. §§ 247(a)(1) and 247(d)(3). On April 26, 2023, Mr. Ruckel entered a plea of guilty to Count One of the Information, consistent with the terms of the plea agreement into which the United States and the defendant entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. In pleading guilty, Mr. Ruckel admitted that on November 27, 2021, he set fire to Mt. Zion Church in Baltimore, Ohio. As part of this resolution, the defendant agreed to pay restitution in an amount to be determined by the Court.

The Probation Officer released the final Presentence Investigation Report ("PSR") on July 21, 2023. Sentencing in this matter is scheduled for August 29, 2023.

1

## **PRESENTENCE INVESTIGATION REPORT AND RECOMMENDATION**

The Probation Officer calculated Mr. Ruckel's advisory sentencing range under the United States Sentencing Guidelines ("Guidelines") as 51-63 months of imprisonment, based on a Total Offense Level of 24 and a Criminal History Category of I. The Probation Officer identified one possible basis for a departure, and also noted that a deviation may be appropriate in light of the defendant's history and characteristics.

The United States agrees with the Probation Officer's factual findings and computation of the Guidelines range, and thus has no objections to the PSR. Mr. Ruckel has lodged one objection that remains unresolved.

As set forth below, the United States recommends that the Court sentence Mr. Ruckel to a term of imprisonment of 51 months and a term of supervised release of three years. The Court should order the defendant to pay restitution in an amount to be determined.

## **LEGAL STANDARD**

After *United States v. Booker*, 543 U.S. 220 (2005), district courts should engage in a three-step sentencing procedure. *See* U.S.S.G. § 1B1.1(a)-(c) (outlining the sentencing process). First, the Court should calculate the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."). Second, the Court should consider whether a departure from the Guidelines range is appropriate. *Rita v. United States*, 551 U.S. 338, 351 (2007). Third, the Court should consider "all of the [18 U.S.C.] § 3553(a) factors" in deciding what sentence to impose. *Gall*, 552 U.S. at 49–50. Under 18 U.S.C. § 3553, the Court is directed to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a).

## ANALYSIS

### I. Sentencing Guidelines Range

The Probation Officer calculated Mr. Ruckel's Base Offense Level as 24, *see* U.S.S.G. §§ 2H1.1 and 2K1.4(a)(1)(B), added three levels because the defendant selected Mt. Zion Church as the object of this offense because of the property's actual or perceived religious character, *see* U.S.S.G. § 3A1.1(a), and subtracted three levels for acceptance of responsibility, *see* U.S.S.G. § 3E1.1. This computation results in a Total Offense Level of 24. Due to his lack of prior criminal convictions, the defendant falls within Criminal History Category I. The advisory sentencing range in the PSR is 51-63 months.

### II. Possible Departure

The Probation Officer identified one possible basis for a departure from the applicable Guidelines range. The Guidelines provide that "[m]ental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." U.S.S.G. § 5H1.3. Section 5H1.3 "expressly addresses the import of mental disabilities at sentencing." *United States v. Andrew*, No. 21-5787, 2022 U.S. App. LEXIS 14883, at *4 (6th Cir. May 31, 2022) (citation omitted). It is a "discouraged but not prohibited grounds for [a] downward departure." *United States v. Guerrigos-Claros*, No. 98-6590, 2000 U.S. App. LEXIS 6132, at *8-9 (6th Cir. Mar. 29, 2000).

As discussed below, Mr. Ruckel was suffering from a mental disease at the time of the arson. Though the defendant's mental condition is certainly relevant to the sentencing calculus, the Court should consider it in the analysis of the factors under 18 U.S.C. § 3553(a), not as a basis for a downward departure under U.S.S.G. § 5H1.3. *See United States v. Owen*, 940 F.3d

3

308, 317 (6th Cir. 2019) ("While a district court should, in the sentencing context, give consideration to a defendant's mental illness, the court is not required to grant a defendant's motion for a downward variance whenever a defendant suffers from such an illness.").[1]

### III. Sentencing Factors in 18 U.S.C. § 3553(a)

In addition to the Guidelines, the Court must consider seven factors in determining a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range as set forth in the Guidelines; (5) the Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The United States submits that careful consideration of these factors supports a sentence of 51 months of imprisonment, which is at the bottom of the advisory range.

#### A. The Nature and Circumstances of the Offense

The facts of this case are straightforward. Late at night on November 27, 2021, Mr. Ruckel drove to Mt. Zion Church in Baltimore, Ohio. He brought with him two gasoline cans, one kerosene can, two lighters, a chainsaw, and gloves. He tossed cinderblocks through the church windows, poured fuel on the drapes, and ignited a fire. A good Samaritan who was passing the church saw what was happening and attempted to intervene. Mr. Ruckel fled on foot and ran into the nearby woods. A short time later, deputies from the Fairfield County Sheriff's Office located the defendant hiding in a ditch less than a mile from the church. They took him into custody without incident.[2]

---

[1] A district court may not depart downward to permit a defendant to "avoid incarceration and continue to benefit from support from [his] family and therapist." *United States v. Cordova*, 337 F.3d 1246, 1250 (10th Cir. 2003).

[2] There is no evidence that Mr. Ruckel intended to harm any human beings when he committee this arson. In fact, it

4

Mr. Ruckel waived his *Miranda* rights and consented to a post-arrest interview. During that conversation, the defendant fully confessed to the arson at Mt. Zion Church and walked investigators through the steps he took to set the building on fire. Mr. Ruckel explained that he did not seek to target any particular individual or group. Instead, he burned the church "out of spite" and hoped to "send a message" to other people that they do not have to follow religion. The defendant referenced his "mental anguish," claimed to hear voices in his head, and speculated that he suffered from mental illness.

Local fire departments responded Mt. Zion Church and extinguished the blaze, but not before significant damage had been done. Some of the property destroyed in the fire was original to the church and cannot be replaced. The church, which has served the community since 1863, was closed for more than a year due to the fire. Some members of the congregation left and did not return. Those who remained temporarily worshipped in other locations, such as the nearby Fletcher Chapel United Methodist Church.

By any measure, the arson committed against Mt. Zion Church and those who worshipped there is a serious offense. This crime resulted in harm, loss, and disruption that continue to this day.

### B. The History and Characteristics of the Defendant

Mr. Ruckel's personal history provides a healthy dose of mitigation. The defendant is 26 years old and a lifelong Ohio resident. His upbringing was stable, his basic needs were met, and he was not exposed to violence or abuse. The defendant graduated from high school and attended some college. His employment history is sporadic. He abused marijuana for more than

---

appears that the defendant made efforts to avoid hurting people. He selected Mt. Zion Church because it was in a remote area and not near any other structures to which the fire could spread. He committed the offense late at night when the church was likely to be empty, and he did a cursory check to confirm no one was inside before he started the fire.

a decade, and he has dabbled with other controlled substances. The defendant enjoyed, and continues to enjoy, the support of his parents. The instant offense marks his first criminal conviction.

Mr. Ruckel's mental health is a central aspect of this case. Since July 2022, he has been examined by three forensic psychologists. Dr. Brian O'Reilly opined that the defendant was experiencing a severe mental disease, schizophrenia, before, during, and after the arson. The defendant reported auditory hallucinations, thought insertion, and delusional thinking that began more than a year prior to the offense. This included Mr. Ruckel hearing voices in his head telling him to burn a church on the day of the arson. Dr. O'Reilly concluded that the defendant understood the wrongfulness of his actions at the time of the offense.

Dr. Daniel Davis opined that Mr. Ruckel had a severe mental disease, schizophrenia, at the time of the arson. Dr. Davis noted that the defendant has also been diagnosed with unspecified depressive disorder. Dr. Davis referenced the auditory hallucinations that Mr. Ruckel experienced before, during, and after the offense. He described the defendant's symptoms as consistent with early onset psychotic symptoms. Dr. Davis concluded that at the time of the arson, Mr. Ruckel did not have the psychological capacity to understand the wrongfulness of his actions. Dr. Davis claimed that while the defendant knew his conduct was illegal, his delusional thinking led him to believe that his actions were objectively and morally justified.

Like her colleagues, Dr. Emily Sims opined that Mr. Ruckel suffered from a severe mental illness, schizophrenia, at the time of the offense. She further noted that the defendant's motivation to commit the arson may have been driven by psychosis. Dr. Sims concluded that the defendant's severe mental disease did not prevent him from appreciating the wrongfulness of his

conduct at the time of the offense.

In sum, three professionals determined that Mr. Ruckel was suffering from schizophrenia at the time he burned Mr. Zion Church. Two of the doctors concluded that the defendant was able to appreciate the nature, quality, and wrongfulness of his actions. The third doctor concluded that the defendant did not understand the wrongfulness of his acts at the time of the offense.

Since his arrest, Mr. Ruckel has benefited from regular mental health counseling sessions and prescription medication. This treatment plan stabilized him and has allowed him to maintain part-time employment. The Court can, and should, consider the defendant's mental health in fashioning a sentence in this case.

### C. The Statutory Purposes of Sentencing

A sentence of 51 months of imprisonment, followed by three years of supervised release, would serve the statutory purposes of sentencing. Such a sentence would reflect the nature and seriousness of Mr. Ruckel's offense and would be just punishment for setting fire to Mt. Zion Church. It would also credit the defendant for promptly accepting responsibility and resolving his case before indictment and well short of trial.

General deterrence is of paramount importance in a case like this one. The freedom to exercise religion – peacefully, without fear of harm or retribution – is one of the core principles upon which this country was founded. The burning of a house of worship is an affront to this basic right. The message that the Court sends through the sentence it imposes should be clear and unequivocal: Using violence to interfere with religious freedom will not be tolerated, and those who damage or destroy religious property will face meaningful consequences.

A term of supervised release of three years would allow the Court to monitor

7

Mr. Ruckel's compliance with the law, ease his re-entry into the community, and give him ongoing access to the substance abuse treatment and mental health services that he needs.

### D. The Kinds of Sentences Available and the Sentencing Range

The PSR accurately sets forth an advisory sentencing range of 51-63 months, which is within Zone D of the Sentencing Table. Under U.S.S.G. § 5C1.1(f), a term of imprisonment is required. The government submits that a sentence of 51 months of incarceration is reasonable in this case. With respect to supervised release, the guidelines range is one to three years. *See* U.S.S.G. § 5D1.2(a)(2). The government requests a three-year term of supervised release. Finally, the government agrees that in light of the defendant's financial status, a fine need not be imposed. *See* U.S.S.G. § 5E1.2(e).

### E. The Sentencing Guidelines Policy Statements

There are no policy statements that the United States wishes to highlight.

### F. The Need to Avoid Unwarranted Sentencing Disparities

A sentence of 51 months of imprisonment would be within the applicable Guidelines range, consistent with the seriousness that Congress has ascribed to the charged civil rights offense, and appropriate given the facts and circumstances of this case. Therefore, the sentence that the United States is recommending would avoid unwarranted sentencing disparities. *See United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2018) ("Considering that one of the fundamental purposes of the Guidelines is to help maintain national uniformity in sentences, and considering that most sentences are within the Guidelines, the Guidelines themselves represent the best indication of [uniform] sentencing practices.").

A sentence of 51 months of incarceration would be on par with sentences imposed in comparable cases in other districts. For example, the defendant in *United States v. Ronald*

*Pudder*, Case No. 1:10-CR-404 (N.D. Ohio), was sentenced to 51 months in prison for setting fire to the First Azusa Apostolic Faith Church of God in Conneaut, Ohio. Similarly, the defendant in *United States v. Thomas Gleason*, Case No. 3:09-CR-30001 (D. Mass.), was sentenced to 54 months in prison for his role in the arson of Macedonia Church of God in Christ in Springfield, Massachusetts. These cases serve as helpful data points for the Court's consideration when imposing a sentence on Mr. Ruckel.

### G. The Need to Provide Restitution

In this case, restitution is mandatory. *See* 18 U.S.C. § 3663A. In the plea agreement, Mr. Ruckel "agree[d] to pay restitution in an amount to be determined by the Court." (Doc. #3 at PAGEID# 6). *See* 18 U.S.C. § 3663(a)(3) ("The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement.") It is beyond dispute that the defendant must pay restitution. The question is how much he will be ordered to pay.

According to the Probation Officer, Mr. Ruckel owes restitution in the amount of $626,501.76. This figure contemplates $65,189.76 being paid to Mt. Zion Church and $561,312.00 being paid to Mennonite Mutual Insurance Company. The defendant objects to the restitution calculation. He asserts that in February 2023, during negotiations with the Fairfield County Prosecutor's Office regarding related state criminal charges, the restitution amount was $189,496.40. The defendant believes $626,501.76 is an inflated and unreasonable sum.

Because Mr. Ruckel committed "an offense resulting in damage to or loss or destruction of property of a victim of the offense," an order of restitution must require the defendant to pay an amount equal to the greater of "the value of the property on the date of the damage, loss, or destruction" *or* "the value of the property on the date of sentencing," *less* "the value (as of the date the property is returned) of any part of the property that is returned." 18 U.S.C.

9

§ 3663A(b)(1). Ultimately, the Court must "order restitution to each victim in the full amount of each victim's losses… and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). In so ordering, the Court may not take into account the fact that an insurance company (or any other source) has compensated, or will compensate, the victim for his or her loss. *See* 18 U.S.C. § 3664(f)(1)(B) ("In no case shall the fact that a victim has received or is to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution."). Where, as here, a victim "has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution to victims required by the order be paid to the victims before any compensation is paid to such provider of compensation." 18 U.S.C. § 3664(j)(1).[3]

With these principles in mind, the government understands Mr. Ruckel's concern. Over time, the estimates of Mt. Zion Church's losses have grown steadily. Shortly after the arson, fire investigators speculated that the damage was approximately $65,000. The local prosecutor calculated the restitution amount to be $189,496.40. Mt. Zion Church received an official estimate of $320,112.93. Now, the number is $626,501.76, with the church's insurance company claiming most of that sum.

---

[3] The Fourth Circuit summarized the process as follows:

> Initially, the statute requires the district court to calculate the 'full amount of each victim's losses' caused by the defendant's illegal conduct, regardless of the financial resources or condition of the defendant, or the fact that the victim has received or may receive compensation from another source (such as insurance) … However, the statute also provides for credits against the offender's restitution obligation to prevent a victim from obtaining a windfall. For example, if a victim has received compensation from other sources for the same loss, the court will order that this portion of the restitution be paid to the person or entity that provided the compensation instead of to the victim.

*United States v. Ritchie*, 858 F.3d 201, 215 (4th Cir. 2017) (internal citations omitted).

10

The parties have discussed restitution and will continue to do so, with the hope of reaching an agreement before or during the upcoming sentencing hearing.

## CONCLUSION

For the foregoing reasons, the United States submits that a sentence of 51 months of imprisonment, three years of supervised release, and an order of restitution is sufficient, but not greater than necessary, to satisfy the statutory goals of sentencing.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/ Brian J. Martinez
BRIAN J. MARTINEZ (CA 224587)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Phone:  (614) 469-5715
E-mail:  Brian.Martinez2@usdoj.gov


KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

s/ Daniel Grunert
DANIEL GRUNERT (DC 1721133)
Trial Attorney
150 M Street, NE
Washington, D.C. 20002
Phone:  (202) 532-3805
E-mail:  Daniel.Grunert@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was served this 18th day of August 2023, electronically upon Mark Collins, counsel of record for the defendant.

s/ Brian J. Martinez
BRIAN J. MARTINEZ (CA 224587)
Assistant United States Attorney
